IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLIE L. HARDIN,            )
                              )
         Plaintiff,           )
                              )
    v.                        )   1:22CV691
                              )
MAGISTRATE JUDGE ELIZABETH JOI )
PEAKE, et al.,                )
                              )
         Defendant(s).        )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names a Magistrate Judge with this Court, several employees of the North Carolina Department of Public Safety against whom he filed a prior unsuccessful lawsuit in this Court, and an officer at his current prison as Defendants. He claims that the Magistrate Judge mishandled his prior case, seeks to reraise the claims he lost as to the prior Defendants, and alleges that the additional DPS employee, Sergeant Pierce, lost or stole some of his property which was placed in storage.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

2

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from a defendant with immunity from such relief.

The first Defendant named in the Complaint is United States Magistrate Judge Joi Elizabeth Peake, who Plaintiff erroneously refers to as Elizabeth Joi Peake. Issues with the correct name aside, Plaintiff seeks to sue Judge Peake based on her handling of his prior civil case in this Court, Hardin v. Poole, 1:19CV674. The Court warned Plaintiff in a prior case, Hardin v. Peake, 1:22CV508, that he could not do this, but Plaintiff nevertheless persisted in filing the present Complaint. Judges have absolute immunity for their judicial

4

actions. Stump v. Sparkman, 435 U.S. 349 (1978). Therefore, Plaintiff's claims against Judge Peake should be dismissed.

Plaintiff next seeks to reraise the claims on which he already lost in case 1:19CV674 as to many of the Defendants from that case, specifically Katy Poole, Officer Wiley, Ms. Queen Gerald, Captain Covington, Lt. Mungo, Officer Adams, Officer Bethea, Officer Neal, Harrison, Officer Douglas, Officer White and Sergeant Locklear. Again, the Court previously informed Plaintiff that he could not do this by filing a new complaint, but he failed to heed that admonition and filed the present action anyway. Plaintiff lost his claims in 1:19CV674, did not appeal, and has made no attempt to otherwise challenge the judgment in that case or reopen it. He cannot simply file a new case raising the same claims. Further, the claims would now be barred by the applicable three-year statute of limitations. The application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The statute of limitations in this case is three years. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he

"possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955. The events alleged occurred on December 26, 2018, or well more than three years prior to the filing of the current Complaint. The current Complaint should be dismissed as to the Defendants from the prior case.

Finally, Plaintiff names Sergeant Pierce, an officer at his current correctional facility, as a Defendant and claims that he lost or stole some of Plaintiff's property. To the extent Plaintiff alleges that Defendant Pierce simply lost Plaintiff's property, this is not cognizable under § 1983 because that statute covers only intentional violations of federal rights. If the allegation is that Defendant Pierce stole Plaintiff's property, there is no procedural due process claim under § 1983 for such takings. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Chamberlain v. Jordan, No. 1:06CV73, 2006 WL 3386840, at *4 (M.D.N.C. Nov. 17, 2006) (unpublished). Instead, prisoners in North Carolina may bring actions for conversion in the state courts based on any deprivation of property. Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983). Therefore, Plaintiff cannot bring a procedural due process claim under § 1983 based on the seizure of his property. Moore v. Plaster, 266 F.3d 928, 929-33 (8th Cir. 2001); Wilkins, supra; English v. Burke County Sheriff's Office, No. 1:11-cv-144-RJC, 2012 WL 3811798, at * 3-4 (W.D.N.C. Sept. 4, 2012) (unpublished). Plaintiff cannot bring a claim under § 1983 based on the alleged deprivation of his property and, if he has any recourse, he must seek it in the state courts. His claim here should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment if funds for such a payment are available. According to the *in forma pauperis* application, they are not. Therefore, the Court will not order an initial payment, but will order that Plaintiff's custodian deduct funds if from Plaintiff's prisoner trust account as they become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer is directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

This, the 25th day of August, 2022.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

7